UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────────x
JESSICA C. GRAHAM,

                Plaintiff,                      **MEMORANDUM AND ORDER**
                                                    15−CV−00337 (PKC)

          −against−

CRIMINAL COURT OF THE CITY OF NEW YORK,
COUNTY OF RICHMOND; NEW YORK CITY
ADMINISTRATION FOR CHILDREN'S SERVICES;
MARCELL MONROE; FAMILY COURT LEGAL
SERVICES; JEFFREY BOND; ALAN SPUTZ;
GLADYS GLADYS CARRION; DAWN UWANGUE;
NEW YORK CITY POLICE DEPARTMENT 121ST
PCT.; JOHN DOE 1; JOHN DOE 2; NEW YORK CITY
POLICE DEPARTMENT 120TH PCT.; JOHN ADAMS;
ANTHONY FERRETTI; KIM MURRAY;
PEOPLE OF THE STATE OF NEW YORK;
RICHMOND COUNTY DISTRICT ATTORNEY'S
OFFICE; DANIEL DONOVAN, JR.; NEW YORK CITY
FAMILY COURT IN RICHMOND COUNTY;
HELENE D. SACCO; ARNOLD LIM; KAREN WOLFF;
LISA ASCHKENASY; ALISON HAMANJIAN;
RALPH PORZIO; JODY BAHAR; IAN BERLINER;
GEOFFREY LONG; BENJAMIN HABER; WILLIAM QUIRK;
JAMES VELOUCE; NEW YORK CITY FAMILY COURT
IN MANHATTAN COUNTY; EDWINA
RICHARD−MENDELSON; SUPREME COURT OF
THE STATE OF NEW YORK APPELLATE DIVISION
SECOND DEPARTMENT; NEW YORK CITY
COMMISSION ON HUMAN RIGHTS; JOHN DOE 3;
JOHN DOE 4; FEDERAL BUREAU OF INVESTIGATION
NEW YORK FIELD OFFICE,

                Defendants.
───────────────────────────────────────────x
PAMELA K. CHEN, United States District Judge:

      On January 20, 2015, plaintiff Jessica C. Graham filed this *pro se* action against, *inter alia*, the Administration for Children's Services; Richmond County Family Court; Richmond County Criminal Court; and judges, court referees, and attorneys who are employed at the

1

Richmond County Family Court, alleging constitutional violations arising out of her ongoing state court criminal and family court proceedings. The Court liberally construes her complaint as one brought pursuant to 42 U.S.C. § 1983. The Court grants plaintiff's application to proceed *in forma pauperis* and denies plaintiff's request for the appointment of *pro bono* counsel. For the reasons discussed below, plaintiff's complaint is dismissed with prejudice.

*BACKGROUND*

This is the fourth action that plaintiff has brought in which she alleges a series of constitutional violations associated with underlying Richmond County Family Court proceedings. (*See Graham v. Quirk*, 14−CV−5815 (PKC) (Dkt. 7 (order of partial dismissal dated December 8, 2014, dismissing all claims relating to the custody of plaintiff's child for lack of subject matter jurisdiction)); *Graham v. Rawley*, 14−CV−6022 (PKC) (Dkt. 6 (order dated October 27, 2014, dismissing all claims relating to custody of plaintiff's child as duplicative and for lack of subject matter jurisdiction, and transferring remaining claims to the District of New Jersey)); *Graham v. Quirk*, 14−CV−6676 (PKC) (Dkt. 6 (order dated December 22, 2014, dismissing with prejudice plaintiff's claims relating to the custody of her child for lack of subject matter jurisdiction); *Graham v. Distasio*, 14−CV−6677 (PKC) (Dkt. 9 (order dated January 23, 2015, dismissing plaintiff's claims relating to her child's education and the loss of custody of her child for failure to state a claim and lack of subject matter jurisdiction)).

In the instant complaint, plaintiff once again challenges decisions issued by the Family Court, State of New York, County of Richmond, that resulted in her loss of custody of her son. (Dkt. 1 ("Compl.").) Plaintiff submits a voluminous complaint naming thirty−eight defendants, most of whom have been named as defendants in her prior proceedings. Many of the allegations are identical or substantially similar to those asserted in plaintiff's prior actions. Once again,

plaintiff's complaint reiterates her son's medical history and disputes the decision of the Family Court Judge to grant the father of her child temporary custody. In addition, plaintiff alleges that her son has been "KIDNAPPED and held in the State of New Jersey under a false name . . . ." (*Id.*at 17 (emphasis in original).) Plaintiff further alleges that "[t]he Judge & Referees have forged [plaintiff's] Court Orders" and ordered plaintiff to stop filing baseless motions. (*Id.*) Although unclear, it appears that on or about April 9, 2014, plaintiff was charged with criminal trespass in the third degree, for refusing to leave the offices of the Administration for Children's Services.[1] (*Id.* at 15 ¶ 12; Exs. 17 & 18.)

Plaintiff requests that this Court: (1) vacate her "ACD Richmond County Criminal Court case . . . with prejudice [sic]"; (2) report the Richmond County criminal and family courts to the Federal Bureau of Investigation; (3) order all defendants who are attorneys or judges to be disbarred, (4) file a neglect case against all defendants, (5) terminate defendants from their professional positions; and (5) order defendants to pay monetary damages. (*Id.* at 18 ¶ IV.)

*STANDARD OF REVIEW*

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held to "less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks

---

[1] Plaintiff's next court appearance is scheduled for April 20, 2015 in Richmond County Criminal Court. *See* https://iapps.courts.state.ny.us/webcrim_attorney (Last visited January 23, 2015).

omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (same). The Court is obliged to construe plaintiff's pleadings liberally and interpret them as raising the strongest arguments they suggest. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court is required to dismiss *sua sponte* an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. *See, e.g.*, *Rene v. Citibank NA,* 32 F.Supp.2d 539, 541–42 (E.D.N.Y. 1999). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte.* If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier,* 211 F.3d 697, 700–01 (2d Cir. 2000) (citations omitted); *see* Fed. R. Civ. P. 12(h)(3).

*DISCUSSION*

I.      Claims Related to Criminal Proceedings

Insofar as plaintiff alleges that her federal rights are being violated in connection with her pending state criminal proceedings and seeks to enjoin the criminal prosecution, abstention is appropriate under the *Sprint* framework and the *Younger* doctrine.

In *Younger v. Harris,* 401 U.S. 37, 43–44 (1971), the Supreme Court held that federal courts should abstain from granting injunctive relief against a state criminal prosecution

instituted in good faith unless certain exceptions are met. The Second Circuit has held that "*Younger* abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." *Hansel v. Town Ct. for the Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995); *Koltun v. Berry*, 13 CV 1612, 2013 WL 3816603, at \*5 (S.D.N.Y. July 19, 2013). In *Sprint Commc'ns, Inc. v. Jacobs,* 134 S.Ct. 584, 591–92 (2013), "the Supreme Court rejected this three−part test in favor of a categorical approach." *Mir v. Shah,* 569 Fed.App'x 48, 50 (2d Cir. 2014). Instead, the Supreme Court held that the *Younger* doctrine applies only to three classes of state court proceedings: 1) "state criminal prosecutions"; (2) "civil enforcement proceedings"; and (3) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *Id.* at 588 (internal quotation marks omitted); *see id.* at 591 ("We have not applied *Younger* outside these three 'exceptional' categories, and today hold . . . that they define *Younger*'s scope.").

Thus, absent extraordinary circumstances, this Court must abstain from exercising jurisdiction over plaintiff's federal claims where doing so would intrude into ongoing state criminal proceedings. *Sprint Commc'ns, Inc.,* 134 S.Ct. at 591 (citing *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans,* 491 U.S. 350, 368 (1989)). Here, jurisdiction over plaintiff's claims, which include a request to vacate her criminal case and institute a number of actions against members of the criminal court, unquestionably would interfere with state criminal proceedings. *See Manchanda v. Bose*, 14 CV 9658, 2015 WL 81998, at \*1−2 (S.D.N.Y. Jan. 6, 2015) (because plaintiff seeks to review, intervene in, or enjoin pending state criminal proceedings, court must abstain pursuant to *Younger* from exercising jurisdiction over plaintiff's federal claims). Plaintiff has not alleged extraordinary circumstances that would justify such

interference. Plaintiff's claims for injunctive relief therefore are barred by *Younger. See Morpurgo v. Incorporated Vill. of Sag Harbor,* 327 Fed. App'x 284, 285–86 (2d Cir. 2009) (*Younger* applies to claims for injunctive and declaratory relief, not to damages claims).

II.     Plaintiff's Claims Related to the Custody of her Child

Plaintiff's remaining claims relate to her loss of custody of her child and alleged improper actions by members of the Richmond County Family Court. To the extent plaintiff seeks to bring the same claims that are pending in *Graham v. Quirk,* 14−CV−5815, her claims are dismissed as duplicative. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit."). Moreover, the Court lacks subject matter jurisdiction over Plaintiff's child custody claims. The domestic relations exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Sobel v. Prudenti,* No. 12 Civ. 3258, 2014 WL 2750364, at *11 (E.D.N.Y. June 18, 2014) (quoting *Akenbrandt v. Richards,* 504 U.S. 689, 703 (1992)). Although the exception is narrow, it applies where the essence of Plaintiff's suit involves an issue such as custody. *Schottel v. Kutba,* No. 06 Civ. 1577, 2009 WL 230106, at *1 (2d Cir. Feb. 2, 2009). The relief Plaintiff seeks—namely, to have this Court intervene and vacate various orders that were issued in her state child custody proceedings—would have the court "undo the domestic relations orders issued by the state courts, including the Family Court . . . and Appellate Division. However, under the domestic relations exception, this Court cannot and will not provide the relief Plaintiff seeks." *Sobel*, 2014 WL 2750364, at *11.

The Court further is barred by the *Rooker–Feldman* abstention doctrine from revisiting or overturning the state court's determination concerning custody of her son. *See Exxon Mobil*

*Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005); *see generally Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923).  Plaintiff may not seek to collaterally attack in this Court the state court orders relating to the custody proceeding.  *See, e.g.*, *Johnson v. Myers*, No. 10 Civ. 1964, 2014 WL 2744624, at \*6 (E.D.N.Y. Jun. 16, 2014).

Accordingly, Plaintiff's claims relating to the state court child custody dispute are dismissed as duplicative and for lack of subject matter jurisdiction.

Plaintiff's remaining claims—alleging mistreatment by personnel at New York State criminal and family courts, and seeking, *inter alia*, federal investigation, disbarment, termination and damages—lack an arguable basis in law or fact, and are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

III.    Warning

Plaintiff has engaged in filing and litigating repeated frivolous and baseless actions in this Court.  *See Hong Mai Sa v. Doe,* 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system); *see also Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) ("district courts have the power and the responsibility to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to [other parties] and an unnecessary burden on the courts and their supporting personnel" (internal quotation and citation marks omitted)).

Plaintiff is hereby informed that if she continues to file complaints which are baseless and are based on the same events which the Court has previously decided, the Court may place restrictions on her future access to the Court.  *See also Malley v. New York City Bd. of Educ.*, 112 F.3d 69 (2d Cir. 1997) (filing injunction may issue if numerous complaints filed are based

on the same events); *Zinnamon v. Outstanding Bus Co.*, Nos. 08 CV 1787, 08 CV 1786, 2009 WL 3048722, at *6 (E.D.N.Y. Sept. 23, 2009).

*CONCLUSION*

For the reasons set forth above, the Court concludes that *Younger* abstention is appropriate on all of plaintiff's claims seeking injunctive relief in connection with pending state criminal proceedings, which are hereby dismissed with prejudice. Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B). All claims asserted by Plaintiff relating to the custody of her child and claims for injunctive relief and monetary damages related to the loss of custody over her child are dismissed with prejudice as duplicative and for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. §1915(e)(2)(B). Plaintiff's remaining claims are also dismissed, with prejudice, as frivolous for lacking an arguable basis in law or fact. 28 U.S.C. § 1915(e)(2)(B).

The Clerk of Court is respectfully directed to close this action. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:


 /s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: February 2, 2015
    Brooklyn, New York